COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
CIVIL ACTION NO. 11-CI-1101
DIVISION II

FILED
NOV 0 8 2011
FRANKLIN CIRCUIT COURT
SALLY JUMP, CLERK

THOMAS BOONE                                                    PLAINTIFF

V.                          **VERIFIED COMPLAINT**

COMMONWEALTH OF KENTUCKY
KENTUCKY AUTHORITY FOR EDUCATIONAL TELEVISION          DEFENDANT

SERVE:      THE ATTORNEY GENERAL
            OF THE COMMONWEALTH OF KENTUCKY
            700 CAPITAL AVE
            FRANKFORT KY 40601

***** *****

Comes now the Plaintiff, Thomas Boone, by and through counsel, and for his Verified

Complaint for relief against the Defendant states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.      Plaintiff is a resident of Franklin County, Kentucky and resides at 1003 Entrada

Drive, Frankfort, Kentucky 40601.  At all times relevant hereto, Plaintiff was an employee of the

Defendant as that term is defined in the Age Discrimination in Employment Act (hereafter the

"ADEA"), KRS Chapter 344, *et seq.*, and all other applicable laws.

2.      The Defendant is the Commonwealth of Kentucky, Kentucky Authority for

Educational Television (hereafter "KET") and is served via the Attorney General of the

Commonwealth of Kentucky.

3.      This Court has subject matter jurisdiction over this action and personal

jurisdiction over the Defendant as the amount in controversy exceeds this Court's minimal

jurisdictional requirements, and venue is proper in the Franklin Circuit Court.

1

4.      Plaintiff was hired to work for the Defendant on September 1, 2004 as a Master Control Operator/Engineer.

5.      Plaintiff is currently 64 years old, and his date of birth is 09/30/1947.

6.      Plaintiff has reported numerous incidents to his supervisors and/or the director of human resources, including but not limited to the following:

a.      On or about September 2, 2007, Plaintiff and a co-worker, were involved in a confrontation regarding work duties.

b.      On or about March 30, 2009, Plaintiff reported to his supervisor that a co-worker was late for work which caused unnecessary overtime.

c.      On or about December 13, 2009, Plaintiff reported to his supervisor that the same co-worker was late for work again, which cause the Plaintiff to have to take unnecessary overtime.

d.      On or about February 27, 2010, the Plaintiff had another altercation with a co-worker regarding equipment that should have been turned on.

e.      On or about March 2, 2010, the Plaintiff filed a complaint with the Director of Human Resources regarding this incident.

f.      On or about March 11, 2010, Plaintiff attempted to report possible theft of various components by a co-worker from KET to his supervisor.

g.      On or about March 11, 2010, when no response was received regarding his complaint, the Plaintiff attempted to file a complaint with the Attorney General's office and the Kentucky State Police.

h.      During this time period, Plaintiff attempted to report a co-worker that operated a computer repair service and utilized the Defendant's resources to further his own personal business.

i.      Plaintiff's co-worker who was consistently late to begin his shift is African-American.

j.      Plaintiff's co-worker who allegedly stole equipment is also African-American.

7.      On or about September 2, 2010, the Plaintiff was furloughed pursuant to 101 KAR 5:015E.

2

8.   On or about September 9, 2010, the Plaintiff was terminated by the Defendant.

## COUNT I - RACIAL DISCRIMINATION

9.   That the Plaintiff reiterates, realleges, and incorporates by reference each allegation contained in the preceding Paragraphs in this complaint.

10.   Defendant has maintained, acquiesced in the maintaining of, or failed to take appropriate required action to eliminate a general and consistent pattern and practice of racial discrimination by an African-American manager/supervisor against Caucasian employees in its offices, specifically, that the manager/supervisor treats the African-American employees differently than he does Caucasian employees.

11.   Such pattern and practice has been consistently manifested for at least the five years preceding the filing of Plaintiff's complaint by the following acts and others:

a.   African-American employees' time sheets are not scrutinized to the same extent of Caucasian employees.

b.   African-American employees are not subjected to discipline for these abuses and have made claims that other employees cannot make complaints about them due to their race.

c.   Subjecting older Caucasian employees to pressure and coercion to abandon employment with the Defendant.

The above specified acts and others constituted a continuing pattern of conduct which created an offensive and hostile working environment and interfered with the plaintiff's ability to perform his assigned duties.

12.   Plaintiff complained of the acts against him, but could obtain no relief.

13.   Defendant has discriminated against plaintiff in the terms and conditions of plaintiff's employment because of plaintiff's race and age, because plaintiff opposed unlawful discrimination by defendant, and because plaintiff participated in the administrative process of

enforcing the prohibitions against employment discrimination, all in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## COUNT II - RETALIATION HOSTILE WORK ENVIRONMENT

14.    That the Plaintiff reiterates, realleges, and incorporates by reference each allegation contained in the preceding Paragraphs in this complaint.

15.    That after Plaintiff reported his co-workers time issues and alleged theft the Defendant by and through its Director of Human Resources began taking retaliatory or harassing action against the Plaintiff.  The Defendant, by and through its agents, took adverse action against the Plaintiff in violation of KRS 344.040, including but not limited to wrongful termination, in retaliation for reporting violations by his various co-workers.

16.    The acts and practices of the Defendant, by and through its agents, constitute unlawful retaliation or harassment under KRS 344.040.  By reason of these retaliatory actions, the Defendant was engaged in unlawful retaliation against the Plaintiff.

17.    Further, in violation of KRS 61.102, the Defendant, by and through its agents, specifically retaliated against the Plaintiff for reporting, disclosing, divulging, or otherwise bringing to its attention those acts and omissions of Plaintiff's co-workers.

18.    By reason of the unlawful retaliatory or harassing acts of the Defendant, as complained of herein, Plaintiff has suffered and will continue to suffer past, present, and future lost wages, past, present, and future humiliation and embarrassment, for all of which he is entitled to recover from the Defendant, damages in such amount as a jury may determine to be fair and reasonable as shown by the evidence at trial.

## COUNT III - AGE DISCRIMINATION

19.     That the Plaintiff reiterates, realleges, and incorporates by reference each allegation contained in the preceding Paragraphs in this complaint.

20.     Platiniff is a member of a protected class, being over forty (40) years of age.

21.     Plaintiff is qualified for the position he held with the Defendant.

22.     Upon Plaintiff's termination, the Defendant retained individuals performing his duties who were substantially younger than the Plaintiff and lacked the qualifications for the job duties that Plaintiff performed.

## COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23.     That the Plaintiff reiterates, realleges, and incorporates by reference each allegation contained in the preceding Paragraphs in this complaint.

24.     The Defendant's conduct and omissions against the Plaintiff, as described herein, was intentional and/or reckless, and exceeds the generally accepted standards of decency and morality, and as such, constitutes conduct which is intolerable in society.

25.     Such outrageous and extreme acts by the Defendant were committed intentionally and/or recklessly, so as to cause severe emotional and physical distress to the Plaintiff.

26.     As a direct and proximate result of the outrageous acts and omissions of the Defendant, Plaintiff suffered and continues to suffer damages for extreme emotional, mental and physical distress, fear, anxiety, humiliation and personal indignity, for all of which he is entitled to recover compensatory damages, in addition to punitive damages, from the Defendant.

## COUNT V – AMERICANS WITH DISABILITY ACT

27.     That the Plaintiff reiterates, realleges, and incorporates by reference each allegation contained in the preceding Paragraphs in this complaint.

5

28.     Plaintiff is a qualified individual with disabilities as defined in the Americans with Disabilities Act of 1990, (hereafter "ADA"), as codified at 42 U.S.C. §12101, *et. seq.*

29.     Specifically, Plaintiff is disabled due to his medical conditions which substantially limit major life activities, including a heart conditions, high-blood pressure and panic attacks.

30.     Due to the Defendant's actions, the Plaintiff has suffered adverse employment actions as contained herein, and said conduct constitutes disability discrimination under the ADA.

### COUNT VI - EEOC COMPLAINT

31.     That the Plaintiff reiterates, realleges, and incorporates by reference each allegation contained in the preceding Paragraphs in this complaint.

32.     On or about December 20, 2010, the Plaintiff filed a complaint with the Equal Employment Opportunity Commission (hereafter "EEOC"), Human Rights Division in Louisville, Kentucky for Age Discrimination, Racial Discrimination and Disability Discrimination.

33.     That the EEOC attempted to investigate the Plaintiff's allegations, however, the Defendant was uncooperative and would not participate in the investigation of the EEOC.

34.     Due to the Defendant's lack of cooperation, on or about August 10, 2011, the EEOC issued a "Right to Sue" letter.

35.     This lawsuit is filed within ninety (90) days of the Plaintiff's receipt of Exhibit "A" and is therefore timely filed.

6

## CONCLUSION

36.    As a proximate result of the Defendant's discriminatory conduct and omissions, Plaintiff has been deprived and continues to be deprived of past and future wages, and other terms, conditions, and privileges of his employment because of his age and race, in violation of KRS Chapter 344, the ADEA, the ADA and Civil Rights, which he would otherwise have enjoyed absent the discrimination.

37.    Further, as a proximate result of Defendant's discriminatory conduct and omissions, Plaintiff has suffered and continues to suffer, mental and psychological damage, physical anxiety and illness, and stress that he would not have suffered absent said conduct.

38.    Plaintiff is entitled to his lost income, including benefits, plus an equal amount as liquidated damages, prejudgment interest on all unpaid compensation, any actual monetary loss, and Plaintiff's continuing economic loss in an amount to be proved at trial.

39.    Plaintiff is further entitled to reasonable attorney fees and costs, including expert witness fees.

40.    Plaintiff is further entitled to punitive damages under the ADEA.

WHEREFORE, Plaintiff prays as follows:

1.    For a judgment in a fair and reasonable amount against the Defendant for damages suffered by the Plaintiff;

2.    For a trial by jury;

3.    For future lost wages and consequential damages;

4.    For liquidated damages;

5.    For pre and post judgment interest at twelve percent (12%);

6.    For punitive damages;

7.    For reasonable attorney fees; and

8.    For any and all other relief Plaintiff may be entitled.

Respectfully Submitted,

Douglas C. Howard
Howard Law Group, P.L.L.C.
227 W Main St, Ste 4
PO Box 562
Frankfort, KY 40602
Ph: (502) 352-4950
Doug@HowardLawGroup.com
ATTORNEY FOR PLAINTIFF

I, THOMAS BOONE, have read the foregoing and state that it is true and correct to the best of my knowledge, information, and belief.

Thomas Boone

SWORN TO AND SUBSCRIBED BEFORE ME by Thomas Boone, on this the ___ day of November, 2011.

NOTARY PUBLIC
MY COMMISSION EXPIRES: 6/20/2014

8



U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2013 1217

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

August 10, 2011

Mr. Thomas P. Boone
1003 Entrada Drive
Frankfort, KY  40601

Re:  EEOC Charge Against Commonwealth of Kentucky, Kentucky Educational Television
     No. 474201100263

Dear Mr. Boone:

     Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

     If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

     The investigative file pertaining to your case is located in the EEOC Louisville Area Office, Louisville, KY.

     This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                   Sincerely,

                                   Thomas E. Perez
                              Assistant Attorney General
                                  Civil Rights Division

                       by  *Karen S. Ferguson*

                              Karen L. Ferguson
                       Supervisory Civil Rights Analyst
                       Employment Litigation Section

cc: Louisville Area Office, EEOC
    Commonwealth of Kentucky, Kentucky Educational Television

"A"

| AOC-105     Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. __11-CI-1011__<br>Court ☑ Circuit ☐ District<br>County __Franklin__ |
|---|---|---|

                                                                        **PLAINTIFF**

Thomas                       Boone

1003 Entrada Dr

Frankfort               Kentucky          40601

**VS.**

                                                              **DEFENDANT**

Commonwealth of Kentucky, Kentucky Authority for Educational Television

600 Cooper Dr

Lexington              Kentucky          40502

**Service of Process Agent for Defendant:**

Attorney General, Commonwealth of Kentucky     *Certified Mail*

700 Capital Ave

Frankfort                                       Kentucky          40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

         You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

         The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: __11-8__, 2 __011__             _Salley Jump_    Clerk

                                 By: _____ D.C.

---

### Proof of Service

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                             Served by: _____

                                                               _____ Title