UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| THOMAS BOONE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 11-75-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | |
| KENTUCKY AUTHORITY FOR | ) | |
| EDUCATIONAL TELEVISION, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Commonwealth of Kentucky, Kentucky Authority for Educational Television's ("KET") motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [Record No. 2]  KET argues that there is an insufficient factual basis for the claims asserted in the complaint.  Additionally,  it contends that several of the claims against it should be dismissed for failure to exhaust administrative remedies.  For the reasons explained below, the Court will grant KET's motion, in part.  However, the motion will be denied with respect to the plaintiff's claims of age and disability discrimination.

## I.    Background

Plaintiff Thomas Boone ("Boone") is a resident of Franklin County, Kentucky.  [Record No. 1-1 ¶ 1]  He was born on September 30, 1947, and he is a Caucasian male.  [*Id.* ¶ 5; Record

No. 2-1, p. 1]  In 2004, Boone began working at KET as a Master Control Operator/Engineer. [Record No. 1-1 ¶ 4]  He alleges that, during his time at KET, he experienced a "pattern and practice of racial discrimination by an African-American manager/supervisor against Caucasian employees in his offices." [*Id.* ¶ 10]  Additionally, he reports that he was pressured to "abandon employment" with KET due to his age. [*Id.* ¶ 11]  This conduct, according to Boone, "created an offensive and hostile working environment." [*Id.*]  Boone alleges that, during his employment with KET, he reported "numerous incidents to his supervisors" concerning his co-workers' activities and misdeeds. [*Id.* ¶ 6]  As a result of those reports, KET "began taking retaliatory or harassing action" against him. [*Id.* ¶ 15]  Boone was furloughed on September 2, 2010, and terminated on September 9, 2010. [*Id.* ¶¶ 7-8]  He maintains that, after his termination, KET "retained individuals performing his duties who were substantially younger . . . and lacked the qualifications for the job duties" that he performed. [*Id.* ¶ 22]

Boone filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 20, 2010. [Record No. 2-1, p. 2]  In his charge,[1] Boone asserted that he was discriminated against based on his race, age, and disability. [Record No. 2-2, p. 1]  The EEOC issued a Right to Sue letter on August 10, 2011. [Record No. 1-1, p. 9]

Boone filed suit against KET on November 8, 2011, in the Franklin Circuit Court. [*Id.*, p. 1]  KET removed the action to this Court on November 29, 2011. [Record No. 1]  In his

---

1       Although the EEOC charge was not attached to Boone's complaint, the Court may consider it without converting the motion to dismiss into a motion for summary judgment. "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2000) (internal quotation marks omitted).  Boone refers to and relies on his EEOC charge in Count VI of his complaint. [Record No. 1-1 ¶¶ 31-35]  Therefore, the Court may consider the facts alleged in his charge when deciding this motion to dismiss.

complaint, Boone asserts claims for racial discrimination, retaliation, hostile work environment, age discrimination, intentional infliction of emotional distress ("IIED"), and disability discrimination.[2]  KET filed its motion to dismiss on December 6, 2011, and the Court held a hearing on the motion on March 9, 2012.  [Record Nos. 2, 6]

## II.    Legal Analysis

Under Title VII, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  Under the Kentucky Civil Rights Act ("KCRA"), an employer may not "fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, national origin, sex, age . . . [or] because the person is a qualified individual with a disability."  KRS § 344.040 (1)(a).  The same analysis generally applies to discrimination claims under Title VII and the KCRA.  *See Jefferson Cnty. v. Zaring*, 91 S.W.3d 583, 590 (Ky. 2002).

KET asserts that Boone's complaint should be dismissed for failure to state a claim upon which relief can be granted.  It contends that Boone's claims for retaliation, hostile work environment, and disparate treatment should be dismissed based on his failure to exhaust

---

2    Boone also includes a Count entitled "EEOC Complaint."  [*Id.* ¶¶ 31-35]  However, he has since indicated that this section of the complaint was not intended to state a separate cause of action; rather it is an additional fact section to show that the complaint is timely filed.

administrative remedies.  KET also argues that the complaint lacks sufficient factual allegations to support any of Boone's claims.

### A.    Administrative Exhaustion

Several of the claims raised by Boone's complaint must be dismissed for failure to exhaust administrative remedies.  "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 365 (6th Cir. 2010).  Because the EEOC Charge of Discrimination Form contains a section in which the complainant can check a box to indicate the claim asserted, the failure to check the appropriate box on the charge can preclude an employee from later asserting that claim in a civil suit.  *See id.* at 363 (affirming grant of summary judgment on claim of retaliation because employee did not mark the box to "indicate that he was alleging retaliation").  However, "because aggrieved employees — and not attorneys — usually file charges with the EEOC, their *pro se* complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Id.* at 362 (citing *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006)).  If the employee pleads facts in his charge that "'would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" *Id.* (quoting *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)).

In his EEOC charge, Boone marked the "race," "age," and "disability," boxes.  [Record No. 2-2, pp. 1-2]  He did not mark the box for "retaliation" or "other."  Thus, the Court must look to the facts alleged in the charge to determine whether Boone has exhausted his

administrative remedies with regard to his claims of: (1) retaliation; (2) hostile work environment; and (3) disparate treatment.  In his filing, Boone made the following statement:

> I have been employed by Kentucky Educational Television for about 6 years. Over the course of my employment I have made management aware of my disability.  During the last year and before I have been harassed by my supervisors about my disability.  I have filed two complaints about the harassment, but no action was taken.  Finally, on September 10, 2010, myself and twelve other employees, all white, and all but one over the age of 40, were discharged.  I believe that I have been harassed due to my disability, and ultimately fired due to my disability, in violation of the Americans with Disabilities Act of 1990, as amended, my race, White, in violation of Title VII of the Civil Rights Act of 1964, as amended, and/or due to my age, 62, in violation of the Age Discrimination in Employment Act.

[Record No. 2-2, p. 1]

Based on the facts alleged in the EEOC charge, Boone's retaliation claim must fail.  In Count II of his complaint, he asserts a claim for "unlawful retaliation . . . under KRS 344.040." [Record No. 1-1 ¶ 16]  Yet there is nothing in the narrative portion of the charge that "would have put the EEOC or the employer on notice that [Boone] was alleging retaliation." *Younis*, 610 F.3d at 363.  The charge contains an allegation that he filed "two complaints about the harassment," but does not include any facts to suggest that he was retaliated against for filing those complaints.  [Record No. 2-2, p. 1]  Moreover, the retaliation claim outlined in Boone's complaint is based on different facts altogether.  In Count II, Boone alleges retaliation for his actions in reporting "his co-workers['] time issues and alleged theft," and *not* the filing of complaints to complain about harassment.  [Record No. 1-1 ¶ 15] In short, Boone has not satisfied the requirement that he exhaust administrative remedies with regard to a claim for retaliation.

-5-

Boone also attempts to bring a claim against KET for hostile work environment.[3]  To establish a *prima facie* case of hostile work environment, a plaintiff must demonstrate the following: "(1) he was disabled; (2) he was subject to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment unreasonably interfered with his work performance; and (5) defendant either knew or should have known about the harassment and failed to take corrective measures."  *Plautz v. Potter*, 156 F. App'x 812, 818 (6th Cir. 2005); *see also Grace v. USCAR & Bartech Tech. Servs., LLC*, 521 F.3d 655, 678 (6th Cir. 2008) (listing factors "to consider when deciding whether a hostile work environment exists including: 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993))). The charge indicates that Boone was "harassed by [his] supervisors," but  he cites no specific examples.  [Record No. 2-2, p. 1]  "[T]he inclusion in an EEOC charge of a discrete act or acts, standing alone, is insufficient to establish a hostile-work-environment claim for purposes of exhaustion."  *Younis*, 610 F.3d at 362.  Therefore, the allegations in Boone's charge would not "prompt the EEOC to investigate" a claim for hostile work environment.  *Davis*, 157 F.3d at 463. Even if the allegations in Boone's EEOC charge was sufficient, however, the hostile work environment claim asserted therein would be based on harassment for his disability.  Boone would not have free rein to assert a claim for hostile work environment based on some other

---

3       Boone titles Count II of his complaint "Retaliation Hostile Work Environment."  [Record No. 1-1, p. 4]  Retaliation and hostile work environment are separate causes of action, so the Court will consider them separately.

form of harassment.  Yet there is no mention of harassment based on his disability in Boone's complaint.  Instead, Boone seems to base his hostile work environment claim in his complaint on facts related to race discrimination.  [*See* Record No. 1-1 ¶ 11]  Therefore, the Court will dismiss Boone's claim for hostile work environment, as it does not "grow out of the factual allegations in the EEOC charge."  *Younis*, 610 F.3d at 362.

Boone's claim of disparate treatment also fails.[4]  His complaint alleges that "the manager/supervisor treats the African-American employees differently than he does Caucasian employees."  [Record No. 1-1 ¶ 10]  Yet this assertion was not mentioned anywhere in the EEOC charge.  KET argues, correctly, that Boone "alleged in his Charge that KET terminated his employment because he is white, but he did not contend he suffered disparate treatment because of race."  [Record No. 2-1, p. 7 (emphasis omitted)]  Rather, the incidents of unfair treatment that he alleged in the charge were described in conjunction with his disability, not his race.  [*See* Record No. 2-2, p. 1]  Thus, Boone failed to exhaust his administrative remedies regarding a claim for disparate treatment.

## B.    Factual Allegations

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

---

4       As KET points out, "[i]t is not clear from Boone's Complaint whether he is asserting disparate treatment or discharge claims or both."  [Record No. 2-1, p. 6]  However, the Court must construe the complaint in the light most favorable to the plaintiff.  *See, e.g., Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 456 (6th Cir. 2011).  Therefore, the Court will accept paragraph 10 of the complaint as asserting a claim for disparate treatment.  [*See* Record No. 1-1 ¶ 10 and Record No. 3, p. 6.]

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

KET seeks to dismiss Boone's complaint because the "few facts he alleges concerning time sheets and complaints he made about co-workers do not state a plausible claim for relief under Title VII, ADEA, KCRA, . . . or the ADA."  [Record No. 2-1, p. 23]  Unfortunately, Boone's response is almost entirely based on a misunderstanding of the pleading requirements after the Supreme Court's decisions in *Twombly* and *Iqbal*.  He asserts repeatedly that "what a party may plead is different than what one must prove."  [Record No. 3, p. 10]  This is true. However, the Supreme Court has made it clear that to survive a motion to dismiss, a plaintiff must include sufficient factual content in his complaint to render it plausible that he will be able to prove his claim at a later stage in the action.  In other words, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.  To state a plausible claim, Boone must provide "more than a sheer possibility" that KET has acted unlawfully.  *Id.* at 678.

Boone argues that the cases cited by KET merely "lay[] out the requirements to prove the merits of the Plaintiff's claims . . . [but] certainly did not lay out what must be pled."  [Record

No. 3, p. 7]  However, the elements of a given claim are more instructive than Boone seems to realize.  What must be pleaded is "factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Thus, to "survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (internal quotation marks omitted).

### 1.   Count I — Racial Discrimination

Boone alleges that he suffered reverse racial discrimination in violation of Title VII of the Civil Rights Act of 1964 due to KET's failure to "take appropriate required action to eliminate a general and consistent pattern and practice of racial discrimination by an African-American manager/supervisor against Caucasian employees in its offices."  [Record No. 1-1 ¶ 10; *see id.* ¶ 13]  Generally, to establish a *prima facie* case of race discrimination, a plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he "experienced an adverse employment action"; and (4) he was "replaced by a person outside the protected class." *Myers v. Cuyahoga Cnty.*, 182 F. App'x 510, 517 (6th Cir. 2006).  In the context of a reverse discrimination case, the first prong of this test is modified so that the plaintiff must "demonstrate 'background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority.'" *Zambetti v. Cuyahoga Cmty. Coll.*, 314 F.3d 249, 255 (6th Cir. 2002) (quoting *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 67 (6th Cir. 1985)).  A plaintiff may meet this "requirement

through a variety of background circumstances: statistical evidence or employment policies showing a history of unlawful consideration of race by the employer, evidence that the person responsible for the employment decision was a minority, or evidence of ongoing racial tension in the workplace." *Treadwell v. Am. Airlines, Inc.*, 447 F. App'x 676, 678 (6th Cir. 2011) (internal citations omitted).   In other words, Boone can establish a suspicion that KET discriminates against the majority by alleging facts that tend to show KET "treated differently employees who were similarly situated but not members of the protected group." *Zambetti*, 314 F.3d at 255 (internal quotation marks omitted).

To support his assertion that "the manager/supervisor treats the African-American employees differently than he does Caucasian employees," [Record No. 1-1 ¶ 10], Boone alleges the following acts:

> a.    African-American employees' time sheets are not scrutinized to the same extent [as] Caucasian employees['].
>
> b.    African-American employees are not subjected to discipline for these abuses and have made claims that other employees cannot make complaints about them due to their race.
>
> c.    Subjecting older Caucasian employees to pressure and coercion to abandon employment with the Defendant.

[Record No. 1-1 ¶ 11]  These facts are sufficient at the pleading stage to create a "suspicion that [KET] is that unusual employer who discriminates against the majority." *Murray*, 770 F.2d at 67; *see Treadwell*, 447 F. App'x at 678.  Therefore, Boone has pleaded factual content to support the first element of his claim.

However, as KET points out, Boone does not "say that the alleged more lenient treatment of African American employees for various infractions had any effect on the terms and conditions of his employment." [Record No. 4, p. 10 (emphasis omitted)] Rather, he alleges that these acts "constituted a continuing pattern of conduct which created an offensive and hostile working environment and interfered with the plaintiff's ability to perform his assigned duties."[5] [Record No. 1-1 ¶ 11] Boone does not state any facts to support his assertion that he experienced an adverse employment action as a result of his race.[6]  He alleges facts concerning time sheets, but he "did not lose his job over time sheets."  [Record No. 2-1, p. 8]  As a result, the facts alleged in the complaint do not create a reasonable inference that he was terminated because of his race.  Moreover, Boone fails to allege that he was replaced by a non-Caucasian worker.  As a result, his racial discrimination claim must be dismissed.

## 2.    Count III — Age Discrimination

The Age Discrimination Enforcement Act ("ADEA") "prohibits an employer from discharging an individual "because of such individual's age." 29 U.S.C. § 623(a)(1).  A plaintiff "may establish a violation of the ADEA by either direct or circumstantial evidence."  *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009).  To state a claim based on circumstantial evidence, the plaintiff must allege "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an

---

5      As explained above, Boone's claim for hostile working environment on the basis of race was not administratively exhausted and, therefore, must be dismissed.

6      The assertion that KET "discriminated against [Boone] in the terms and conditions of [his] employment because of [his] race" is a legal conclusion.  As such, the Court is not required to accept it as true.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (explaining that a court is "not bound to accept as true a legal conclusion couched as a factual allegation").

inference of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  An allegation that the plaintiff was replaced by a younger individual supports an inference of discrimination.  *See Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir 2009).

In *Swierkiewicz*, the Supreme Court held that the elements laid out above create "an evidentiary standard, not a pleading requirement."  534 U.S. at 510.  However, the Court specifically stated that "the ordinary rules for assessing the sufficiency of a complaint apply." *Id.*  As a result, the Court will consider Boone's factual allegations, in light of the *prima facie* case for age discrimination, to determine whether he has stated a plausible claim for relief.  *See Kasten v. Ford Motor Co.*, No. 09-11754, 2009 WL 3628012, at *3-4 (E.D. Mich. Oct. 30, 2009).

In his complaint, Boone alleges that he is "over forty (40) years of age," he is qualified for the position at KET, and that KET "retained individuals performing his duties who were substantially younger than [Boone]."  [Record No. 1-1 ¶ 20-22]  Although these allegations contain little factual development, they are sufficient to make out a *prima facie* case of age discrimination.  *See Britton v. Ferro Corp.*, 2010 WL 3515619, at *3 (N.D. Ohio Sept. 1, 2010) (finding similar allegations sufficient to plead a claim for age discrimination).  The allegations give KET fair notice of the cause of action under which Boone seeks to proceed.  And although the facts concerning this claim are sparse, there is little else that could be included at this stage that would provide further support for the claim.  Therefore, the motion to dismiss will be denied regarding Boone's age discrimination claim.

### 3.    Count IV — Intentional Infliction of Emotional Distress

Boone also asserts a common law claim for intentional infliction of emotional distress ("IIED").  He alleges that KET's conduct "was intentional and/or reckless, and exceed[ed] the generally accepted standards of decency and morality, and as such, constitutes conduct which is intolerable in society."  [Record No. 1-1 ¶ 24]  KET correctly notes, however, that this claim fails as a matter of law because "Kentucky law makes clear that IIED claims arising from the same facts as KCRA claims are pre-empted."  [Record No. 2-1, p. 18]  Boone's claim for IIED arises from the same conduct that underlies his KCRA claim.  It is, therefore, barred.  *See Kroger Co. v. Buckley*, 113 S.W.3d 644, 647 (Ky. Ct. App. 2003) (finding that a "KRS Chapter 344 claim preempts a common law IIED/outrageous conduct claim" where the plaintiff relies on the same facts for both claims); *see also Buckner v. Commonwealth*, No. 3:10-36-DCR, 2010 WL 3168089, at *4 (E.D. Ky. Aug. 10, 2010).

Even if it were not preempted by the KCRA, however, this claim fails because the complaint lacks any factual content that would give rise to a colorable IIED claim.  To establish an IIED claim under Kentucky law, the plaintiff must prove the following four criteria: "(1) the wrongdoer's conduct must be intentional or reckless, (2) the conduct must be outrageous and intolerable, (3) there must be a causal connection between the conduct and the emotional distress, and (4) the emotional distress must have been severe."  *Wilson v. Lowe's Home Ctr.*, 75 S.W.3d 229, 238 (Ky. Ct. App. 2001) (citing *Craft v. Rice*, 671 S.W.2d 247, 249 (Ky. 1984)).  Count IV contains merely "a formulaic recitation of the elements" of an IIED claim, with no factual support for Boone's conclusory statements.  *Twombly*, 550 U.S. at 555.  Looking to the

-13-

rest of the complaint, there are no allegations of conduct on the part of KET that would constitute "outrageous and extreme acts." [Record No. 1-1 ¶ 25] Even if true, none of the conduct alleged in this complaint was "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"[7]   *Hall v. Consol of Ky, Inc.*, 162 F. App'x 587, 591 (6th Cir. 2006) (quoting *Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, this claim must be dismissed because it fails to state a claim upon which relief can be granted.

### 4.    Count V — Americans with Disabilities Act

Finally, Boone asserts a claim for discrimination on the basis of his disability. Specifically, he alleges that he "is disabled due to his medical conditions . . . including a heart condition[], high-blood pressure and panic attacks." [Record No. 1-1 ¶ 29] He maintains that "[d]ue to [KET's] actions, the Plaintiff has suffered adverse employment actions . . . and said conduct constitutes disability discrimination." [*Id.* ¶ 30] To state a claim under the Americans with Disabilities Act ("ADA"), a plaintiff must establish that: (1) he is disabled; (2) he "is otherwise qualified for the job, with or without 'reasonable' accommodation"; (3) he experienced an adverse employment action; (4) "the employer knew or had reason to know of

---

7       Boone alleges numerous incidents involving co-workers. However, the only factual allegations — as opposed to legal conclusions — concerning his employer, KET, are: (1) that KET did not respond appropriately to his complaints about co-workers [*See* Record No. 1-1 ¶ 6; Record No. 2-2, p. 1]; (2) that he was terminated from employment [Record No. 1-1 ¶ 8]; and (3) that the manager "treats the African-American employees differently than he does Caucasian employees [*Id.* ¶ 10]. These facts are insufficient to state a claim for IIED.

his . . . disability"; and (5) after his termination, "the disabled individual was replaced." *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1185 (6th Cir. 1996)).

Count V of Boone's complaint is virtually devoid of any factual support.  He alleges only the bare legal conclusions that he is disabled and KET engaged in disability discrimination. [Record No. 1-1 ¶¶ 28, 30]  However, when read together with the facts alleged in his EEOC charge, Boone's complaint is sufficient to state a claim for disability discrimination.  *See Amini*, 259 F.3d at 503.  KET asserts that the disability claim should be dismissed "for failure to plead facts showing that . . . KET knew of the conditions he now claims are disabling, or that KET terminated his employment because of those conditions."  [Record No. 4, p. 10 (emphasis omitted)]  However, in his EEOC charge, Boone alleged that he "made management aware of [his] disability" and that he was "ultimately fired due to [his] disability."  [Record No. 2-2, p. 1]  The complaint also alleges that he was replaced, albeit with regard to his claim for age discrimination.  [*See* Record No. 1-1 ¶ 22]  Therefore, Boone has sufficiently pleaded a claim for disability discrimination under the ADA.  KET's motion to dismiss will be denied regarding this claim.

### III.   Leave to Amend

Boone requests leave to amend his complaint in the event that the Court grants KET's motion.  [Record No. 3, p. 13]  The Court notes that plaintiffs generally are "not entitled to an advisory opinion from the district court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies."  *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008). Under *Iqbal*, plaintiffs should not be permitted to conduct

discovery in order to fix factually deficient complaints, even where the necessary information is within the defendant's exclusive possession. *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (citing *Iqbal*, 129 S. Ct. at 1954). Rather, in such cases, dismissal with prejudice is proper. *See id.* at 1053. However, because Boone originally filed his complaint in state court, the Court finds that dismissal without prejudice will better serve the interests of justice with regard to his claims for race discrimination and IIED.

### IV.     Conclusion

Boone's claims for retaliation, hostile work environment, and disparate treatment are barred for failure to administratively exhaust. Additionally, Boone has failed to state a claim upon which relief can be granted for race discrimination or IIED. Therefore, these claims will be dismissed, leaving only his claims for age and disability discrimination. Accordingly, it is hereby

**ORDERED** as follows:

1.      Defendant Commonwealth of Kentucky, Kentucky Authority for Educational Television's Motion to Dismiss [Record No. 2] is **GRANTED** regarding Counts I, II, and IV. The motion is **DENIED** regarding Counts III and V.

2.      Plaintiff Thomas Boone's claims for disparate treatment (Count I), retaliation (Count II), and hostile work environment (Count II) are **DISMISSED**, with prejudice.

3.      Plaintiff Thomas Boone's claims for race discrimination (Count I) and intentional infliction of emotional distress (Count IV) are **DISMISSED**, without prejudice.

-16-

This 23rd day of April, 2012.



Signed By:

*Danny C. Reeves*

United States District Judge