UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| THOMAS BOONE, | ) | |
| | ) | |
|    Plaintiff, | ) | Civil Action No. 3: 11-75-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | |
| KENTUCKY AUTHORITY FOR | ) | **SUPPLEMENTAL MEMORANDUM** |
| EDUCATIONAL TELEVISION, | ) | **OPINION AND ORDER** |
| | ) | |
|    Defendant. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the motion of Defendant Commonwealth of Kentucky, Kentucky Authority for Educational Television ("KET") to alter or amend the Court's April 23, 2012, Order granting KET's motion to dismiss, in part. [Record No. 8][1] Additionally, KET has moved to extend its time to answer or otherwise respond to Plaintiff Thomas Boone's Complaint. [Record No. 9] Being sufficiently advised, the Court will amend the Memorandum Opinion and Order of April 23, 2012, to reflect that Boone's whistleblower retaliation claim is dismissed, with prejudice. Additionally, the Court will grant KET's motion to extend its time to answer.

On April 23, 2012, the Court granted KET's motion to dismiss regarding all the counts of Boone's complaint except for Count III (age discrimination) and Count V (disability

---

[1] The Court concludes that a response is not needed to the motion to amend as the issue concerning dismissal of the whistleblower retaliation claim had been fully briefed.

discrimination). [Record No. 7] The Court dismissed Boone's retaliation claim for failure to exhaust administrative remedies. However, the Court did not include a discussion of Boone's claim under Kentucky Revised Statutes ("KRS") § 61.102, commonly referred to as the Whistleblower Act.[2] KET seeks clarification concerning whether the Court's order dismissed Plaintiff Boone's whistleblower retaliation claim. [Record No. 8, p. 1] Pursuant to Rule 60 of the Federal Rules of Civil Procedure, the Court will amend the Memorandum Opinion and Order of April 23, 2012 to include the following discussion:

### 5. Count II — Whistleblower Retaliation Claim

Boone asserts that KET "specifically retaliated against [him] for reporting, disclosing, divulging, or otherwise bringing to its attention those acts and omissions of [his] co-workers." [Record No. 1-1 ¶ 17] The Whistleblower Act provides that no "employer shall subject to reprisal or discriminate against, or use any official authority or influence to cause reprisal or discrimination by others against, any person who supports, aids, or substantiates any employee who makes public" an enumerated act of "wrongdoing." KRS § 61.102(2). Such acts include "actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety." KRS § 61.102(1). To state a claim under the Whistleblower Act, a plaintiff must show the following elements:

> (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to

---

2  Exhaustion of administrative remedies is not prerequisite to claims arising under KRS 61.102. *Kindle v. City of Jeffersontown*, No. 3:07-CV-158-S, 2009 WL 69231, at *5 (W.D. Ky. Jan. 9, 2009).

> discourage the employee from making such a disclosure or to punish the employee for making such a disclosure.

*Davidson v. Commonwealth, Dep't of Military Affairs*, 152 S.W.3d 247, 251 (Ky. Ct. App. 2004).

Boone has failed to allege sufficient facts to state a plausible claim for retaliation under the Whistleblower Act. In support of the claim, Boone alleges that he "attempted to report possible theft of various components by a co-worker from KET to his supervisor," [Record No. 1-1 ¶ 6.f], and that he "attempted to report a co-worker that operated a computer repair service and utilized the Defendant's resources to further his own personal business."[3] [*Id.* ¶ 6.h] However, based on these allegations, Boone did not disclose any information that the statute was designed to protect. In other words, the acts of wrongdoing he reported were not incidents of "mismanagement, waste, fraud, abuse of authority, or . . . danger to public health or safety." KRS § 61.102(1). The Whistleblower Act "prohibits employers from subjecting public employees to reprisal for reporting information relating to the *employer's* violation of the law, alleged fraud, or abuse"; it does not protect an employee who reports the actions of other employees. *Cabinet for Families & Children v. Cummings*, 163 S.W.3d 425, 428 (Ky. 2005) (emphasis added). Moreover, as KET points out, Boone has also failed to allege "any facts supporting [the conclusion] that he was in fact terminated because he filed a report." [Record

---

[3] These are the only factual allegations regarding an attempt to make a report or disclosure of a "suspected violation of state or local law." *Davidson*, 152 S.W.3d at 251. The other allegations concern Boone's reports of co-workers' misbehavior at work, rather than any alleged violations of the law. [*See* Record No. 1-1 ¶ 6]

No. 2-1, p. 16 (emphasis omitted)] Therefore, Boone has failed to state a claim under the Whistleblower Act. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Commonwealth of Kentucky, Kentucky Authority for Educational Television's Motion to Alter of Amend the Court's April 23, 2012 Memorandum Opinion and Order [Record No. 8] is **GRANTED**.

2. The Memorandum Opinion and Order entered on April 23, 2012 [Record No. 7] is **AMENDED** in accordance with this Supplemental Memorandum Opinion and Order.

3. Defendant's Motion to Dismiss [Record No. 2] is **GRANTED** with respect to the plaintiff's whistleblower retaliation claim. This claim is **DISMISSED**, with prejudice.

4. Defendant Commonwealth of Kentucky, Kentucky Authority for Educational Television's Motion to Extend Time to Answer or Otherwise Respond to the Plaintiff's Complaint [Record No. 9] is **GRANTED**. KET shall answer or otherwise respond to the Complaint within fourteen (14) days of the date of the entry of this Supplemental Memorandum Opinion and Order.

This 30th day of April, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge